UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER F. TESS,

                    Plaintiff,                              Case No: 13-10191

vs.                                                HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____/

**MEMORANDUM AND ORDER ADOPTING REPORT
AND RECOMMENDATION (Doc. 16), OVERRULING
PLAINTIFF'S OBJECTIONS (Doc. 17), DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. 10), GRANTING THE COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT (Doc. 14),
AFFIRMING THE ALJ'S DECISION DENYING
BENEFITS AND DISMISSING CASE**

**I.  INTRODUCTION**

This is a Social Security case.  Plaintiff Christopher Tess ("Tess") appeals the final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for Disability Insurance Benefits and Supplemental Security Income.  Tess sought disability benefits due to back pain, depression, and anxiety disorder.

The parties filed cross motions for summary judgment (Docs. 10, 14).  The motions were referred to a magistrate judge ("MJ") for a report and recommendation ("MJRR").  The MJ recommends that Tess's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted.  Tess filed timely objections to the MJRR (Doc. 17).  For the reasons that follow, the Court will adopt the MJRR, overrule Tess's objections, deny Tess's motion for summary judgment (Doc. 10), grant the

Commissioner's motion for summary judgment (Doc. 14), affirm the Commissioner's decision denying benefits, and dismiss the case.

## II. BACKGROUND

The facts are stated in detail in the MJRR and are not repeated here.  *See* (Doc. 16 at 2–6).  A brief summary of the facts relevant to Tess's objections to the MJRR follows.

Tess's testimony before the ALJ and the medical evidence in the record document, as the ALJ found, the following severe impairments: major depression, recurrent; anxiety disorder NOS (not otherwise specified)/panic disorder; degenerative disc disease of the lumosacral spine with chronic back pain; cauda equina syndrome; and hypertension.  *See* (Doc. 8-2 at 21).  Nevertheless, after detailing Tess's medical history, the ALJ determined that Tess was not disabled because he could perform available jobs consistent with his limitations.

Particularly relevant here is the ALJ's finding that "[t]he severity of [Tess]'s mental impairments, considered singly and in combination, do not meet or medically equal" a finding of disability.  (Doc. 8-2 at 24).  In reaching this conclusion, the ALJ reasoned that Tess failed to proffer any objective evidence that he suffered from disabling panic attacks three to four times per day.  The ALJ declined to afford significant weight to "medical source statements" from Tess's attending psychiatrist and therapist that consisted of "symptom checklists without any objective clinical narrative substantiation."  (*Id.* at 26).  *See* (Doc. 8-7 at 73–75, Dr. Sarvananda medical statement; Doc. 8-8 at 3, Dr. Maharaj-Prasad impairment questionnaire).

The MJRR defends the ALJ's decision to afford little weight to Drs. Sarvananda's and Maharaj-Prasad's assessments.  The MJRR states:

2

> Defendant argues that the lack of clinical and objective findings in support of the reports is fatal. (*See* docket no. 14 at 14 (citing *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 176 (6th Cir. 2009); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)). The undersigned agrees. *See Carr v. Comm'r of Soc. Sec.*, No. 12-14426, 2013 WL 5775391, [at] *12 (E.D. Mich. Oct. 25, 2013) (Borman, J.) (adopting Report and Recommendation of Binder, M.J.) (citing *Teague v. Astrue*, 638 F.3d 611, 616 (8th Cir. 2011) (holding that ALJ properly discounted doctor's opinions on a check-off form which '"did not cite clinical test results, observations, or other objective findings as a basis for determining [the plaintiff's] capabilities")"; *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (holding that the ALJ properly discounted the treating physician's opinion that consisted of checklist forms which cited no medical evidence and provided little or no elaboration.)).

(Doc. 16 at 11–12).

Tess's sole objection to the MJRR is that it found no error in the ALJ's failure to give proper weight to Drs. Sarvanada's and Maharaj-Prasad's checklist reports regarding his anxiety disorder. Tess attaches to his objection treatment notes from November 15, 2011 through February 20, 2013 which he says establish a "justifiable and psychiatrically supportable basis for the assessments of Drs. Sarvanada and Maharaj-Prasad."

In addition, Tess relies on new evidence to show that he has a compensable back injury.

## III. STANDARD OF REVIEW

### A. Objections to MJRR

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is

jurisdictional. *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

**B. Commissioner's Disability Determination**

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6thCir. 1993); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before

4

the ALJ, *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence.   *Walker v. Sec'y of HHS*, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record.   *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 508 (6th Cir. 2006). Essentially, the court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

## IV. ANALYSIS

The MJRR did not err in concluding that the ALJ was justified in giving little weight to Drs. Sarvanada's and Maharaj-Prasad's assessments.  The assessments do not provide an analysis or contain an explanation that is based on objective findings.  For the reasons explained by the ALJ and noted in the MJRR, the ALJ was not required to give the assessments significant weight.

As to Tess's submission of additional treating reports in support of his objection to the MJRR, these reports come too late.  Because Tess is submitting new evidence, he must establish "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).  Tess cannot make this showing given that the majority of the reports were available prior to the ALJ's decision.

Insofar as Tess relies on reports created after the ALJ's decision, he has not established that the reports are material in that there is a reasonable probability that "the Secretary would have reached a different disposition of the disability claim if presented with the new evidence."  *Sizemore v. Sec'y of HHS*, 865 F.2d 709, 711 (6th Cir. 1988) (citations

5

omitted).    Therefore, Tess has not met his burden in establishing that a remand is warranted.

## V. CONCLUSION

For the reasons stated above,

the MJRR (Doc. 16) is ADOPTED as the findings and conclusions of the Court;

Tess's objections (Doc. 17) are OVERRULED;

Tess's motion for summary judgment (Doc. 10) is DENIED;

the Commissioner's motion for summary judgment (Doc. 14) is GRANTED;

the ALJ's decision denying SSI benefits is AFFIRMED;

and this case is DISMISSED.


SO ORDERED.


                    S/Avern Cohn
                    AVERN COHN
                    UNITED STATES DISTRICT JUDGE


Dated:  March 28, 2014


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 28, 2014, by electronic and/or ordinary mail.


                    S/Sakne Chami
                    Case Manager, (313) 234-5160